UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: RANDALL SCOTT EASTBURG and
LISA SUE EASTBURG,

No. 7-10-10131 JA

Debtors.

BUKE, LLC, A New Mexico limited liability company,

Plaintiff,

v.

Adversary No. 10-1024 J

RANDALL SCOTT EASTBURG and
LISA SUE EASTBURG,

Defendants.

## MEMORANDUM OPINION

The Court is faced with the conundrum of how the discharge injunction under 11 U.S.C. § 524, which arises upon the entry of a debtor's discharge, affects pending pre-petition state court litigation that includes claims arising out of the same conduct, transactions and occurrences as those at issue in this timely-filed adversary proceeding to determine the dischargeability of certain debts under 11 U.S.C. § 523. The parties have stipulated, and the Court agrees, that the automatic stay terminated upon the entry of the Debtors' discharge on April 21, 2010. *See* Case No. 10-10131 JA (Docket No. 43 – Discharge of Debtor Lisa Sue Eastburg and Randall Scott Eastburg; Docket No. 79 - Stipulated Order Regarding Automatic Stay). The issues before the Court are whether the discharge injunction or the Court's exclusive jurisdiction to determine whether a debt is excepted from the discharge prevents Plaintiff from pursuing any or all of the claims raised in its state court action when no determination has yet been made by this Court as to the dischargeability of any debts.

Plaintiff BUKE, LLC ("BUKE") asserts that the discharge injunction does not prevent it from proceeding against the Defendants in the state court action as to all claims raised in that action. BUKE reasons that because its state court claims against Defendants are based on the same conduct upon which its claims of non-dischargeability in this adversary proceeding are based, and because no determination of dischargeability of the debt at issue in the state court action has yet been made, the state court has concurrent jurisdiction to determine to determine the validity and the amount of that debt. Consequently, BUKE believes it can continue to pursue its causes of action simultaneously in state court and in this adversary proceeding. Alternatively, if the Court were to determine that the discharge injunction applies to prosecution of its claims against Defendants in the state court action, BUKE argues that the Court can and should modify the discharge injunction to permit BUKE to proceed against the Defendants in the state court action.

Defendants counter that the discharge injunction enjoins BUKE from prosecuting its state court action against them, reasoning that the adjudication of all causes of action against them that have not been discharged due to this pending adversary proceeding court falls within the exclusive jurisdiction of the bankruptcy court, and that any debt associated with any other state court causes of action against them has been discharged. Finally, Defendants assert that this Court does not have the power to modify the discharge injunction to allow BUKE to pursue its claims against the Defendants in the state court action.

After consideration of the arguments of counsel, the relevant case law, and the applicable sections of the Bankruptcy Code, the Court finds that upon the timely filing of a complaint objecting to the dischargeability of a debt, the discharge injunction does not apply with respect to that debt until the Court makes a determination of the dischargeability of the debt. Bankruptcy

-2-

courts and state courts have concurrent jurisdiction over causes of action under applicable nonbankruptcy law to establish the debt. The bankruptcy court has exclusive jurisdiction to determine whether such debt should be excepted from the discharge. Based on the Court's determination of the scope of the discharge injunction, it need not consider whether it has the power to *modify* the discharge injunction.[1]

## UNDISPUTED FACTS

1. On January 15, 2010 (the "Petition Date"), Defendants commenced a voluntary case under Chapter 7 of the Bankruptcy Code, entitled *In re Randall Scott Eastburg and Lisa Sue Eastburg*, United States Bankruptcy Court, District of New Mexico, Case No. 7-10-10131 JA (the "Bankruptcy Case").

2. On the Petition Date, an action was pending in the Second Judicial District Court, State of New Mexico captioned, BUKE, LLC, Plaintiff, v. Cross Country Auto Sales, LLC, and other Defendants including Defendants Randall Scott Eastburg and Lisa Sue Eastburg, Case No. CV 2009 07479 (the "State Court Action"). The State Court Action remains pending.

3. The complaint in the State Court Action includes the following counts: a) Accounting; b) Conversion; c) Civil Conspiracy; d) Breach of Fiduciary Duty; e) Usurpation of Corporate Opportunity; f) Unfair Competition; g) Interference with Contractual Relationship; and h) Racketeering. *See* Memorandum Brief Regarding Automatic Stay, Discharge Injunction and Issues Related to 11 U.S.C. § 523 (Docket No. 33) ("BUKE Memorandum"), p.2, ¶ 2; Defendant's Memorandum Brief on Automatic Stay, Discharge Injunction and § 523 Actions (Docket No. 25) ("Eastburg Memorandum"), p.1, ¶ 2.

---

[1] The parties also concede that modification of the discharge injunction is no longer at issue. *See* Memorandum Brief Regarding Automatic Stay, Discharge Injunction and Issues Related to 11 U.S.C. § 523 (Docket No. 33), page 9 (". . . there is no need for modification of the discharge injunction."); Defendants' Reply to BUKE, LLC's Memorandum Brief on Automatic Stay, Discharge Injunction and § 523 Actions ("Defendants' Reply Brief"), p.6.

-3-

5. On March 3, 2010, BUKE filed this adversary proceeding objecting to the dischargeability of certain alleged debts of the Defendants pursuant to 11 U.S.C. §523(a)(2) and (a)(4) on theories of Conversion, Breach of Fiduciary Duty, Civil Conspiracy, and Violation of the New Mexico Racketeering Act. *See* Docket No. 1.

6. On the same date, BUKE filed a motion for relief from the automatic stay in the Bankruptcy Case ("Stay Motion") and the Debtors filed a timely objection. *See* Bankruptcy Case, Docket No. 19 and Docket No. 31. In the Stay Motion, BUKE requested that the Court modify the automatic stay to allow BUKE to proceed against the Debtors in the State Court Action.

7. The Stay Motion also sought modification of the stay to allow BUKE to make adjustment to the capital accounts and membership interest of the Debtors. The request for relief from stay regarding adjustments to capital accounts and membership interests has been resolved by an agreed order entered May 24, 2010. *See* Bankruptcy Case, Docket No. 56.

8. The Debtors were granted a discharge under 11 U.S.C. §727(a) by an order entered April 21, 2010. *See* Bankruptcy Case, Docket No. 43.

9. On May 19, 2010, BUKE filed an Amended Verified Complaint to Determine Non-Dischargeability of Debts, for Judgment on the Debts, for Declaratory Judgment, and for Modification of the § 524 Discharge Injunction ("Amended Complaint"). *See* Docket No. 16. The Amended Complaint added the following counts: 1) a count for declaratory judgment asking the Court to determine that the discharge injunction does not apply to the claims pending in this adversary proceeding or to the claims raised in the State Action; and 2) an alternative count requesting the Court to modify the discharge injunction. *Id.*

-4-

10.     On July 19, 2010 BUKE and the Defendants stipulated that the automatic stay terminated upon the entry of the Debtors' discharge, rendering BUKE's Stay Motion moot.  *See* Bankruptcy Case, Docket No. 79.

**DISCUSSION**

The issue before the Court, at its core, is whether BUKE's claims against Defendants in the State Court Action can be litigated in that action or whether they must be litigated in this adversary proceeding.  BUKE contends that it is free to prosecute its claims against Defendants in the State Court Action because the automatic stay terminated and the discharge injunction is inapplicable until a determination of dischargeability has been made.  Defendants assert that because the bankruptcy court has exclusive jurisdiction to determine dischargeability issues, this Court has exclusive jurisdiction to determine BUKE's claims against them asserted in the State Court Action.  BUKE counters that the State Court has concurrent jurisdiction to determine the amount and validity of its claims against the Defendants, and, once that determination has been made, the Bankruptcy Court determines whether such claims are dischargeable.

**Termination of the Automatic Stay**

The parties agree that the stay terminated upon the entry of the order discharging the Defendants in their Bankruptcy Case, and that the discharge injunction does not apply to a debt when a timely objection to dischargeability of the debt is made under 11 U.S.C. § 523(a)(2), (4) or (6) unless and until the bankruptcy court determines that the debt is discharged.  The Court agrees that the parties' stipulation is a correct application of the law.

Bankruptcy Code § 362(c)(2)(C) provides that, except as to property of the estate, the automatic stay terminates in an individual debtor chapter 7 case when the discharge is granted or denied under 11 U.S.C. § 707(b).  Defendants were granted a discharge under 11 U.S.C. §727(a)

by an order entered April 21, 2010.  *See* Bankruptcy Case, Docket No. 43.  Consequently, the stay terminated with respect to prosecution of claims against the Defendants.[2]

### **Applicability of the Discharge Injunction**

Bankruptcy Code §§ 523(a) and (c) and (d) contemplate that a debt is not discharged if a timely complaint is filed objecting to discharge of the debt under 11 U.S.C. § 523(a)(2), (4) or (6) unless and until the court denies the objection.[3]  Here, because there has been no determination of the dischargeability of the debt that BUKE seeks in this adversary proceeding to except from the discharge, the discharge injunction is not yet applicable to that debt.

This conclusion, however, does not end the inquiry.  Prosecution of a cause of action against a debtor in state court after the entry of the discharge injunction to collect a debt as a personal liability of the debtor is outside the scope of the discharge injunction[4] only if there exists the required nexus between prosecution of the cause of action in state court and the

---

[2] *See In re Hiles,* 2002 WL 32709406, at*4 (Bankr.C.D.Ill. Aug. 15, 2002)("Pending motions for relief from the automatic stay that are preempted by termination of the stay by operation of law pursuant to Section 362(c) are moot and should be dismissed.")(citing *Madison Nat'l Bank v. Chiapelli*, 131 B.R. 354 (E.D.Mich.1991)).

[3] *See, e.g., In re Redburn,* 193 B.R. 249, 261 (Bankr.W.D.Mich. 1996)(stating that "[t]he proper conclusion is that a debt (in this case, a noncontingent liquidated debt) is not discharged until after the trial in the chapter 7 proceeding when the bankruptcy court holds the debt to be dischargeable. It is at this time when any state court judgment is voided, pursuant to § 524(a)(1), and the discharge injunction becomes effective, under § 524(a)(2)."); *In re Mitchell,* 255 B.R. 345 (Bankr. D.Mass. 2000)(relying on the reasoning in *Redburn* to conclude that the debtors exceeded the eligibility limits for Chapter 13 relief where debt from prior case had not been discharged); *In re Gray,* 2000 WL 34239244, at *5 (W.D. Wis. Apr. 12, 2000)(stating that [t]he discharge order did not discharge the debts that creditors-appellees contested in their dischargeability complaint[ ]" and holding further that "[b]ecause the automatic stay of creditors-appellees' state court suit was not converted into an injunction, the bankruptcy judge did not violate the § 524(a) statutory injunction by granting . . . relief from the stay to pursue their claims.")*; In re Massa,* 217 B.R. 412, 421 (Bankr. W.D.N.Y. 1988)(reasoning that because § 523 was in play, no determination had been made as to whether the claim was discharged, so that further proceedings to collect the claim and have the issue of dischargeability determined did not violate the discharge injunction).  *But cf. In re Edler,* 416 B.R. 147, 152 (Bankr. E.D.Pa. 2009)(suggesting that "unless [creditor] prevails in the pending § 523(a) dischargeability proceeding, resumption of his litigation against the Debtor in state court would run afoul of the discharge injunction" and stating further that, where the stay terminates upon the entry of the discharge, "creditors typically forbear from resuming collection activity until resolution of a pending dischargeability proceeding in bankruptcy court, especially proceedings based on § 523(a)(4) or (6), over which the bankruptcy court has exclusive jurisdiction.").

[4] Bankruptcy Code §524(a)(2) provides:
   [the discharge injunction] operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;
11 U.S.C. §524(a)(2)

-6-

determination in bankruptcy court of the non-dischargeability of the debt. Otherwise, there would be no limit on what claims could be prosecuted in state court while a non-dischargeability action is pending. The scope of claims against a debtor that a plaintiff may pursue once the discharge is entered depends on whether the following requirements are met: 1) the cause of action to establish the debt and a claim of non-dischargeability in a pending adversary proceeding are based on the same conduct, transactions and occurrences; 2) the non-dischargeable character of the debt is at issue in the adversary proceeding; and 3) the creditor is prosecuting the cause of action in state court for the purpose of applying collateral estoppel to avoid relitigating the validity and extent of the debt in the adversary proceeding.[5] Provided these three requirements are met, prosecution of a cause of action against the debtor in state court after the debtor is granted a discharge, in furtherance of the collection, recovery, or offset of any debt as a personal liability of the debtor, does not violate the discharge injunction.

These requirements are consistent with the protection afforded by the discharge injunction, the purpose of which is to afford the debtor with a financial fresh start,[6] and the

---

[5] When the elements of the underlying cause of action satisfy all required elements under a subsection of 11 U.S.C. § 523, a debt arising from a state law cause of action can support a non-dischargeability claim. *See, e.g., In re Lopez,* 2010 WL 1735503 (9th Cir. Apr. 29, 2010)(applying collateral estoppel to state court judgment based on misappropriation of trade secrets under California Civil Code §3426.1 in order to hold the debt non-dischargeable under 11 U.S.C. § 523(a)(6)); *In re Porter,* 539 F.3d 889 (8th Cir. 2008)(judgment against debtor arising from state employment retaliation case was entitled to collateral estoppel effect to support non-dischargeability action for willful and malicious injury under 11 U.S.C. § 523(a)(6)); *In re Duncan,* 448 F.3d 725 (4th Cir. 2006)(finding that wrongful death judgment was not entitled to collateral estoppel effect, but remanding case to bankruptcy court for determination of whether the debt was non-dischargeable under 11 U.S.C. § 523(a)(6)). *See also In re Wallace*, 840 F.2d 762, 765 (10th Cir. 1998)(stating that "collateral estoppel is binding on the bankruptcy court and precludes relitigation of factual issues if (1) the issue to be precluded is the same as that involved in the prior state action, (2) the issue was actually litigated by the parties in the prior action, and (3) the state court's determination of the issue was necessary to the resulting final and valid judgment" (citations omitted) and concluding that collateral estoppel applied to preclude relitigation of a state court determination of embezzlement under state law in a non-dischargeability action under 11 U.S.C. §523(a)(4)).

[6] *Green v. Welsh*, 956 F.2d 30, 33 (2nd Cir. 1992)(the protection afforded by the discharge injunction furthers a primary purpose of the Bankruptcy Code, which is to give the debtor the opportunity to make a "financial 'fresh start.'")(quoting *In re Jet Florida Systems, Inc.* 883 F.2d 970, 972 (11th Cir. 1989)(per curiam)); *In re Laboy*, 2010

-7-

Case 10-01024-j    Doc 36    Filed 08/23/10    Entered 08/23/10 17:42:13 Page 7 of 16

inapplicability of the discharge injunction to a debt until it is determined in a pending adversary proceeding whether the debt is excepted from the discharge.

BUKE's Amended Complaint includes forty-one general allegations and asserts the following separate counts based on those general allegations: conversion, breach of fiduciary duty, civil conspiracy, and violation of the New Mexico Racketeering Act based on fraud, larceny and embezzlement. The State Court Action includes the following additional counts that were not specifically pled in the Amended Complaint: accounting, usurpation of corporate opportunity, unfair competition, and interference with contractual relations. Defendants assert that only the claims for breach of fiduciary duty and fraud have not been discharged, and that BUKE's prosecution of its other causes of action against Defendants in state court would violate the discharge injunction.

In this adversary proceeding BUKE has timely filed claims contesting the dischargeability of debt premised on 11 U.S.C. § 523(a)(2)(A) and (a)(4). The causes of action raised in the State Court Action can establish the debt, and the adversary proceeding will determine the dischargeable character of the debt under those Code sections. The dischargeable character of claims for fraud are at issue as the result of BUKE' non-dischargeability claim under 11 U.S.C. § 523(a)(2)(A). The dischargeable character of claims for breach of fiduciary duty, embezzlement and larceny are at issue as the result of BUKE's non-dischargeability claim under 11 U.S.C. § 523(a)(4).

In its brief, BUKE states that it does not seek any damages or recovery against the Defendants in the State Court Action on its claims for an accounting, interference with contractual relations and unfair competition. *See* BUKE Memorandum, p. 2, ¶3 and p. 3, ¶ 8.

---

WL 427780, at *5 (Bankr. D.Puerto Rico Feb. 2, 2010)(same). *See also In re Walker*, 927 F2d. 1138, 1141 (10th Cir. 1991)(recognizing that the discharge injunction affords the debtor a fresh start in economic life).

Thus any claim against Defendants for an accounting, interference with contractual relations or unfair competition is not asserted to establish a debt with respect to which its non-dischargeable character is at issue in this adversary proceeding, and assertion of such claims against the Defendants would be subject to the discharge injunction if asserted in furtherance of the collection, recovery or offset of any debt as a personal liability of the Defendants.[7]

BUKE characterizes several of its state law claims as non-dischargeable claims under 11 U.S.C. § 523(a)(6). For example, BUKE contends that its claims for usurpation of corporate opportunity (pled in the State Action but not pled in this adversary proceeding) and for civil conspiracy (pled in both the State Action and this adversary proceeding) are premised on Defendants' willful and malicious conduct. Pursuant to 11 U.S.C. § 523(a)(6), debts resulting from a "debtor's willful and malicious injury by the debtor to another entity or to the property of another entity" are non-dischargeable. 11 U.S.C. § 523(a)(6). But the Amended Complaint does not include a non-dischargeability claim under 11 U.S.C. § 523(a)(6). Thus the claims for usurpation of corporate opportunity and civil conspiracy are not asserted to establish a debt with respect to which its non-dischargeable character is at issue in this adversary proceeding. Consequently, assertion of those claims against the Defendants is subject to the discharge injunction.[8] In addition, even though Defendants stipulated that BUKE's claim for conversion has not been discharged, the non-dischargeable character of a claim for conversion requires a

---

[7] *See, Hiles,* 2002 WL 32709406 at *3 ("[T]he discharge injunction prevents suits from continuing only with respect to the personal liability of the debtor and that it does not preclude a determination of the debtor's liability on the basis of which indemnification would be owed by another party.)(citing *Hawxhurst v. Pettibone Corp.,* 40 F.3d 175 (7th Cir. 1994)(remaining citations omitted). Even if assertion of a claim for an accounting were subject to the discharge injunction, the discharge injunction would not preclude the Plaintiff from seeking an accounting as part of discovery relevant to assertion of a claim that is not subject to the discharge injunction.

[8] Defendants' argument that because such causes of action are not specifically enumerated in 11 U.S.C. § 523, they can never support a non-dischargeability claim is incorrect. But because the Amended Complaint does not now include a non-dischargeability count under 11 U.S.C. § 523(a)(6), BUKE cannot litigate the underlying claims raised in the State Court Action that might support a non-dischargeability claim under 11 U.S.C. § 523(a)(6) to judgment and then return to the Bankruptcy Court to determine the non-dischargeable character of the debt (*i.e.*, whether the debt is non-dischargeable under § 526(a)(6) as a debt for willful or malicious injury).

-9-

non-dischargeability claim under 11 U.S.C. § 523(a)(6). Thus, assertion of that claim against the Defendants is also subject to the discharge injunction.[9] Unless and until the Amended Complaint in this adversary proceeding is amended further pursuant to Rule 15, Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7015, Fed.R.Bankr.P.,[10] to specifically plead a non-dischargeability claim under 11 U.S.C. § 523(a)(6), premised on the additional counts raised in the State Court Action, BUKE has not put those additional causes of action at issue for purposes of dischargeability and may not prosecute those causes of action in state court.

BUKE asserted a claim against Defendants in both this adversary proceeding and in the State Court Action under the New Mexico Racketeering Act ("RICO"). The RICO claim asserted in this adversary proceeding is alleged to arise out of larceny, fraud and embezzlement. The Court does not have before it Plaintiff's complaint in the State Court Action. If BUKE has asserted a RICO claim against Defendants in the State Court Action alleged to arise out of larceny, fraud and embezzlement based on the same conduct, transactions and occurrences as the RICO claim asserted in this adversary proceeding, for the purpose of applying collateral estoppel to avoid relitigating here the validity and extent of the debt established under that claim, then such prosecution of the claim is not subject to the discharge injunction. The dischargeable character of the claim is at issue in this adversary proceeding as the result of BUKE's non-dischargeability objections under 11 U.S.C. §§ 523(a)(2) and (4).[11]

---

[9] By the express terms of 11 U.S.C. §524(a)(3) the discharge injunction applies even if it has been waived.
[10] In accordance with Rule 15, Fed.R.Civ.P., "a party may amend its pleading only with the opposing party's written consent or the court's leave" which should be freely given "when justice so requires." Rule 15(a)(2), Fed.R.Civ.P. Amendments will relate back to the date of the original pleading when "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out – in the original pleading." Rule 15(c)(1)(B), Fed.R.Civ.P.
[11] *See In re Daily,* 47 F.3d 365, 367-68 (9th Cir. 1995) (collateral estoppel effect given to issues determined in connection with a judgment under a racketeering statute, resulting in a determination that the debt was non-dischargeable under 11 U.S.C. § 523(a)(2)); *In re Markarian*, 228 B.R. 34 (1st Cir. BAP 1998)(collateral estoppel effect could be given to jury's finding of actual fraud in RICO action that was subsequently affirmed on appeal on narrower grounds to determine that the resulting debt was non-dischargeable under 11 U.S.C. § 523(a)(2)(A)); *In re*

Defendants rely on *In re Nemovitz,* 142 B.R. 472, 474 (Bankr.M.D.Fla. 1992) for the proposition that a debt arising from a state law cause of action cannot be non-dischargeable, including a cause of action under a racketeering statute, because "all actions seeking a determination of non-dischargeability of a debt must stand or fall on the provisions of § 523 of the Bankruptcy Code." *Nemovitz,* 142 B.R. at 474. The Court agrees that establishing a debt under state law is not sufficient to establish that the debt is non-dischargeable under 11 U.S.C § 523. The plaintiff must also establish that the acts that gave rise to the debt support a determination that the debt is excepted from the discharge under 11 U.S.C. § 523(a). However, the debt may be established under state law, whereas the non-dischargeable character of the debt is determined by the bankruptcy court under 11 U.S.C. § 523(a). *See In re McKendry,* 40 F.3d 331 (10th Cir. 1994)(discussed below). *See also Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212 (1998) (a debt based on conduct that constituted fraud under the New Jersey Consumer Fraud Act that also satisfies the elements of 11 U.S.C. § 523(a)(2)(A) is non-dischargeable).

<u>Concurrent Jurisdiction of State Court to Determine Claims in the State Court Action</u>

Defendants argue that the state court has no jurisdiction to determine any claims pending against Defendants that have not been discharged because determination of such claims is within this Court's exclusive jurisdiction over dischargeability actions. This argument fails. Although bankruptcy courts have exclusive jurisdiction to determine whether a debt is nondischargeable under 11 U.S.C. § 523(a)(2), (4) or (6), bankruptcy courts and state courts have concurrent jurisdiction to adjudicate claims arising under applicable non-bankruptcy law.

Bankruptcy Code § 523(c) provides:

---

*Nix*, 92 B.R. 164 (Bankr N.D. Tex.)(collateral estoppel effect given to finding made in connection with a judgment under a racketeering statute resulting in a determination that the debt was non-dischargeable under11 U.S.C. § 523(a)(2)).

-11-

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c).[12]

This provision vests jurisdiction exclusively in the bankruptcy court to determine whether a debt of the kind specified in 11 U.S.C. § 523(a)(2), (4) or (6) will be excepted from the discharge,[13] unless 11 U.S.C. § 523(a)(3)(B) applies.[14]

Adjudication of claims in state court to establish the validity and extent of a debt arising under applicable non-bankruptcy law is not within the exclusive jurisdiction of the bankruptcy court to determine whether a debt will be excepted from the discharge. Bankruptcy courts in appropriate circumstances can modify the automatic stay to permit state court litigation to proceed to judgment for the purpose of establishing a debt at issue in a pending non-dischargeability action so that collateral estoppel may be used to limit what may subsequently be raised in the non-dischargeability action.[15] The automatic stay, like the discharge injunction,

---

[12] The phrase "after notice and a hearing," which is defined in 11 U.S.C. §102(1), refers to notice and an opportunity for a hearing before the bankruptcy court.

[13] *In re Smith,* 125 B.R. 630, 631 (Bankr.E.D.Okla. 1991)(noting that "[o]nly those actions based in § 523(a)(2), (4), and (6) are within the *exclusive* jurisdiction of the Bankruptcy Court."); *In re Culley,* 347 B.R. 115 (10th Cir. BAP 2006)(unpublished)(stating that "the bankruptcy court correctly concluded that § 523(c) accorded it exclusive jurisdiction to determine the dischargeability of debts described in § 523(a)(2), (4), (6), and (15), and that the deadline for these actions had passed."); *In re Adamson*, 2010 WL 2635631, *2 (Bankr. D. Dist. Col. June 28, 2010)(noting that "Section 523(c)(1) gives the bankruptcy courts exclusive jurisdiction to determine the dischargeability of debts excepted from discharge under paragraph (2), (4) or (6) of section 523(a).")(citations omitted); 4 *Collier on Bankruptcy* ¶ 523.29 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). *See also Grogan v Garner*, 498 U.S. 279, 284, 111 S.Ct. 654, 657-58, n10 (1991)("The 1970 amendments took jurisdiction over certain dischargeability exceptions, including the exceptions for fraud, away from the state courts and vested jurisdiction exclusively in the bankruptcy courts."); *In re Wallace*, 840 F.2d 762, 764 (10th Cir. 1998) ([T]he bankruptcy court in a dischargeability action under section 523(a) ultimately determines whether or not a debt is dischargeable . . .").

[14] Section 523(a)(3)(B), which applies to certain debts that are unscheduled or not timely scheduled, does not apply here.

[15] The stay may be modified because a state court's adjudication of claims, and the subsequent use of collateral estoppel to bar relitigation of factual issues decided in state court, is consistent with a bankruptcy court's exercise of exclusive jurisdiction over objections to discharge under 11 U.S.C. § 523(a)(2), (3) and (6). *See, e.g., In re Burgess*,

-12-

does not divest state courts of jurisdiction over a stayed or enjoined action, it prevents state courts from exercising their jurisdiction. When the stay is modified, the state court may exercise its concurrent jurisdiction to determine the validity and extent of the debt with respect to which its dischargeable character is at issue in a pending non-dischargeability action. Similarly, termination of the stay by operation of the Bankruptcy Code as a result of entry of a discharge under 11 U.S.C. § 727(a), rather than by modification of the stay by the Court, permits the state court to exercise such concurrent jurisdiction.

The Court finds support for this conclusion in *In re McKendry,* 40 F.3d 331 (10th Cir. 1994). In *McKendry,* the Tenth Circuit reversed the bankruptcy court's determination that the plaintiff's non-dischargeability action was time-barred based on the expiration of the state law statute of limitations on fraud which formed the basis of plaintiff's claim. *McKendry,* 40 F.3d at 337. The plaintiff in *McKendry* had reduced its debt to judgment in state court, establishing both the existence and the amount of the debt, and later sought a determination of non-dischargeability from the bankruptcy court, alleging that the debt was procured by fraud. *McKendry* pointed out that there are two separate causes of action in bankruptcy court: 1) a cause of action to establish the debt; and 2) a cause of action to determine whether the debt is discharged. 40 F.3d at 336 (citing *In re Moran,* 152 B.R. 493, 495 (Bankr.S.D.Ohio 1993)). The Tenth Circuit held that, provided the plaintiff establishes the debt through the underlying state

---

245 B.R. 871, 876 (Bankr D. Colo. 2000) ("While the determination of whether a debt is dischargeable under section 523(c) is exclusively within the province of the bankruptcy court, the facts which may form the basis for such a determination may be litigated in state court.) (citations omitted*). Williams v. Horowitz (In re Horowitz)*, 2010 WL 814103, at *5 (Bankr. E.D.N.Y. Mar. 1, 2010) (stay modified to allow the state court action to proceed to judgment, but enforcement of any judgment remained stayed, with plaintiffs to return to bankruptcy court for determination of dischargeability based on findings of fact issued in the state court action); *In re Milam*, 2010 WL 341411 (Bankr. D. Kan. 2010) (same); *Mercado v. Fuchs (In re Fuchs)*, 2006 WL 6543977 (Bankr. N.D. Tex 2006) (same). *Cf. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 676 (11th Cir. 1993) (use of collateral estoppel to bar a bankruptcy court from relitigating factual issues previously decided in state court is consistent with the bankruptcy court's exercise of exclusive jurisdiction to determine dischargeability).

-13-

court action within the applicable state law statute of limitations, the plaintiff is not precluded by the state law statute of limitations from bringing a subsequent timely-filed non-dischargeability action based on fraud in bankruptcy court even if the state law cause of action is premised on a theory of recovery other than fraud. *Id.* at 337. The applicable limitations period to establish that a debt under state law is the applicable state law statute of limitations, whereas the applicable time limit for dischargeability claims is found in Rule 4007, Fed.R.Bankr.P.[16] *See McKendry,* 40 F.3d at 336 (supporting its conclusion by reference to Rule 4007(c)).

The bankruptcy court and state court have concurrent jurisdiction over the cause of action to establish the debt under applicable nonbankruptcy law. The bankruptcy court has exclusive jurisdiction over the cause of action to determine whether the debt is excepted from the discharge.

## CONCLUSION

After the debtor is granted a discharge, neither the automatic stay nor the discharge injunction nor the bankruptcy court's exclusive jurisdiction over dischargeability actions precludes a plaintiff from prosecuting a cause of action against a debtor in state court in furtherance of the collection, recovery or offset of any debt as a personal liability of the debtor provided (1) the cause of action to establish the debt under applicable non-bankruptcy law and a claim of non-dischargeability are based on the same conduct, transactions and occurrences, 2) the non-dischargeable character of the debt is at issue in an adversary proceeding, and 3) the creditor is prosecuting the cause of action in state court for the purpose of applying collateral estoppel to avoid relitigating in bankruptcy court the validity and extent of the debt in the non-dischargeability adversary proceeding. Nevertheless, the bankruptcy court may still act as

---

[16] Pursuant to Rule 4007, Fed.R.Bankr.P., complaints objecting to the dischargeability of a particular debt must be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Rule 4007(c), Fed.R.Bankr.P.

-14-

gatekeeper to determine whether those claims are to be litigated in state court or bankruptcy court. A debtor-defendant may timely remove the claims against the debtor to bankruptcy court pursuant to 11 U.S.C. §1452(a) and Rule 9027, Fed.R.Bankr.P.,[17] and then move under Rule 42, Fed.R.Bankr. P., to consolidate the removed action with the pending non-dischargeability action. The plaintiff may then move to remand.[18] In addition, in appropriate circumstances the debtor may seek an injunction under 11 U.S.C § 105(a) to stay the prosecution of claims in the state court action.[19]

Defendants did not timely seek to remove the State Court Action to this Court and have not requested the Court to stay the State Court Action. Thus, BUKE is not precluded from

---

[17] *See Retirement Systems of Alabama v. Merrill Lynch & Co*., 209 F.Supp.2d 1257,1264 (M.D. Ala. 2002) (Section "1452 authorizes a party to remove a particular 'claim or cause of action' that touches on the administration of a bankruptcy estate, but not an entire 'action' involving claims and other parties that may have nothing to do with the bankruptcy."); *Stefanik v. Ovsenik*, 2007 WL 2156362, at *2 (M.D.N.C. July 24, 2007) (in an action with multiple defendants, 28 U.S.C § 1452(a) allows the debtor to remove any claim or cause of action against the debtor); *Willett v. Willett*, 1996 WL 910907, at *5 (Bankr. E.D.Va. May 9, 1996)(a portion of a proceeding may be removed if what is removed is a severable claim or cause of action)(citing *Bank of Delaware v. Houghton (In re Straughn*, 10 B.R. 28, 29 (Bankr. D.Del. 1980)). In addition, regarding the inapplicability of the "unanimity rule" to removal under 11 U.S.C. § 1452, which requires all defendants to consent to removal of an action, *see Daleske v. Fairfield Communities, Inc*., 17 F.3d 321, 323 (10th Cir. 1994)(unlike 11 U.S.C. § 1441 that permits "'defendants' to remove 'any' civil action over which the district court has original jurisdiction", 11 U.S.C. § 1452(a) "allows any 'party' to remove cases within the district court's bankruptcy jurisdiction"); *In re Terry Mfg. Co. Inc*., 324 B.R. 147, 151 (Bankr. M.D.Ala. 2005) (the unanimity rule does not apply to removal under 11 U.S.C. §1452); *Newby v Enron Corporation (In re Enron Corp. Sec., Derivative & "ERISA" Litigation)*, 2004 WL 1237497, at *25 (S.D. Tex 2004) (same). *But see Ross v. Thousand Adventures of Iowa, Inc.*, 178 F.Supp.2d 996, 1001-02 (S.D. Iowa 2001) (holding that removal based on bankruptcy jurisdiction requires unanimity of defendants)..

[18] *See Thomson v. Able Supply Co*., 179 F. Supp.2d 693 (W.D. Tex 2002) (court considers whether to abstain from hearing and remand the portion of the claims pending in state court that had been removed to the bankruptcy court and then transferred to the district court); *Broyles v.U.S. Gypsum Co*., 266 B.R. 778 (E.D. Tex. 2001)(same).

[19] *See In re Crocker*, 362 B.R. 49, 57 (1st Cir.BAP 2007) (concluding that "the bankruptcy court had the authority under § 105(a) to stay the state court action and did so to preserve its jurisdiction over the dischargeability issues to be filed by Debtors in the adversary proceeding within the reopened bankruptcy case."); *In re Birting Fisheries, Inc.*, 300 B.R. 489, 497 n.7 (9th Cir.BAP 2003)(noting that the legislative history of 11 U.S.C § 105(a) indicates that § 105 is a statutory exception to the Anti-Injunction Act, 28 U.S.C. §2283, which proscribes a court of the United States from issuing an injunction to stay state court proceedings); *In re AS Management Services, Inc.*, 2007 WL 2100514, at *5-6 (Bankr. S.D.Fla. July 12, 2007)(using its powers under U.S.C § 105(a) to enjoin the plaintiffs and their attorneys, agents, and representatives from prosecuting certain claims in a pending state court action that were also pending in an adversary proceeding in bankruptcy court); *Edler,* 416 B.R. at 152 ("To the extent that a creditor might contend that it has the right to proceed in state court after termination of the automatic stay because the discharge injunction is inapplicable to the debt whose dischargeability is as yet undetermined, it would be within the bankruptcy court's power to restrain the creditor from proceeding in state court pending the conclusion of the dischargeability proceeding.")(citing 11 U.S.C. § 105).

pursuing its claims in the State Court Action against Defendants for fraud, breach of fiduciary duty, and RICO for the purpose of establishing facts pertinent to the non-dischargeability claims raised and preserved in this adversary proceeding.  However, in order to preserve any dischargeability claim premised on 11 U.S.C. § 523(a)(6), it must seek to further amend its complaint.   An order consistent with this Memorandum Opinion will be entered.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:   August 23, 2010

COPY TO:

William R. Keleher
Attorney for Plaintiff
PO Box 2168
Albuquerque, NM 87103

Chris W. Pierce
Attorney for Defendants
2632 Mesilla St. NE
Albuquerque, NM 87110