FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

April 12, 2011

Blaine F. Bates
Clerk

PUBLISH

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

---

| | |
|---|---|
| IN RE RANDALL SCOTT EASTBURG and LISA SUE EASTBURG, also known as Lisa Bowling Eastburg, formerly known as Lisa Sue Bowling,<br><br>Debtors. | BAP No.  NM-10-060 |
| BUKE, LLC,<br><br>Plaintiff – Appellee,<br><br>v.<br><br>RANDALL SCOTT EASTBURG and LISA SUE EASTBURG,<br><br>Defendants – Appellants. | Bankr. No.  10-10131<br>Adv. No.  10-01024<br>Chapter  7<br><br>OPINION |

Appeal from the United States Bankruptcy Court
for the District of New Mexico

---

Submitted on the briefs:[*]

Chris W. Pierce of Hunt & Davis, P.C., Albuquerque, New Mexico, for Defendants – Appellants.

William R. Keleher of Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico, for Plaintiff – Appellee.

---

Before MICHAEL, BROWN, and ROMERO, Bankruptcy Judges.

---

[*] The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr. P. 8012. The case is therefore ordered submitted without oral argument.

MICHAEL, Bankruptcy Judge.

Most of us are familiar with the adage that in real estate, the three most important things are location, location, and location. The same can sometimes be said of litigation. Parties that seek the protection afforded under the United States Bankruptcy Code usually want matters pertaining to them to be tried in the bankruptcy court. Creditors often prefer to litigate in state courts, especially when a lawsuit was ongoing at the time of the bankruptcy case filing. The question before us today is whether a bankruptcy court may allow litigation against a debtor to continue in state court notwithstanding the filing of the bankruptcy case. The bankruptcy court said yes, and allowed state court litigation against the debtor to proceed, with the caveat that the bankruptcy court would, prior to any trial in state court, determine whether the debts owed the creditor should be discharged.[1] While we may not agree with the analysis employed by the bankruptcy court, we take no issue with the result reached therein, and thus we affirm the decision of the bankruptcy court for the reasons set forth below.

## I. BACKGROUND FACTS

Randall Scott Eastburg ("Mr. Eastburg") was the managing member of BUKE, LLC ("BUKE") which owned an automobile dealership and a General Motors franchise (license). He was also the managing member of three other LLCs involved in automobile sales which were owned by members different than BUKE's members, and which were not General Motors franchise dealers.

In June 2009, BUKE filed a state court action in New Mexico against Mr. Eastburg, his wife, Lisa Sue Eastburg (collectively, the "Eastburgs"), and other defendants. In the state court action, BUKE alleged Mr. Eastburg, with the knowledge of Mrs. Eastburg, used the rights and privileges associated with

---

[1] The bankruptcy court's decision is published at *BUKE, LLC v. Eastburg (In re Eastburg)*, 440 B.R. 851 (Bankr. D.N.M. 2010) (hereafter "*Eastburg I*").

-2-

BUKE's General Motors franchise for the benefit of the three other LLCs he managed. BUKE alleged the Eastburgs were guilty of conversion, civil conspiracy, breach of fiduciary duty, usurpation of corporate opportunity, unfair competition, interference with contractual relations, and racketeering resulting in fraud, embezzlement, and larceny.[2]

The Eastburgs filed their Chapter 7 petition on January 15, 2010. Based on substantially the same facts alleged in the state court action, on March 3, 2010, BUKE filed the adversary proceeding that is the subject of this appeal. In this action, BUKE sought a judgment on the debts owed BUKE and asked that those debts be held nondischargeable under 11 U.S.C. § 523(a)(2) and (a)(4).[3] The complaint contained four counts alleging: 1) conversion; 2) breach of fiduciary duty; 3) civil conspiracy, and 4) violation of the New Mexico Racketeering Act.[4] Concurrent with the filing of its complaint, BUKE filed a motion for relief from the automatic stay in the main bankruptcy case requesting it be allowed to continue the state court proceedings against the Eastburgs.[5]

On April 21, 2010, the bankruptcy court entered a discharge order in favor of the Eastburgs pursuant to § 727(a).[6] Shortly thereafter, BUKE filed an amended complaint in this adversary proceeding ("Amended Complaint").[7] The

---

[2] *See Verified Complaint to Determine Non-Dischargeability of Debts and for Judgment on the Debts ("Complaint"), in* Appellant's App. at 20. These three other LLCs are also defendants in the state court litigation. *See Motion for Relief from Automatic Stay, in* Appellants' App. at 32.

[3] Unless otherwise indicated, all future statutory references in text are to the Bankruptcy Code, Title 11 of the United States Code.

[4] *Complaint* at 7-10, *in* Appellant's App. at 26-29.

[5] *Motion for Relief from Automatic Stay*, *in* Appellant's App. at 32.

[6] *Discharge of Debtor Lisa Sue Eastburg and Randall Scott Eastburg*, *in* Appellant's App. at 66.

[7] *Amended Verified Complaint to Determine Non-Dischargeability of Debts,*
(continued...)

-3-

Amended Complaint contained the original four counts, together with two new counts relating to the discharge injunction. In Count Five, BUKE sought a declaratory judgment that the discharge injunction imposed pursuant to § 524 did not apply to its claims pending in this adversary proceeding or the claims in the state court action.[8] In the alternative, in Count Six BUKE requested that the bankruptcy court modify the discharge injunction to permit the state court action to go forward.[9]

The parties briefed the discharge injunction issues raised in Counts Five and Six of the Amended Complaint. BUKE argued that because 1) the automatic stay terminates upon entry of a discharge order,[10] and 2) the discharge injunction is inapplicable to the claims raised in the adversary proceeding until the bankruptcy court rules on their dischargeability, it was free to continue prosecution of its claims against the Eastburgs in state court.[11] The Eastburgs responded that the bankruptcy court has exclusive jurisdiction to determine

---

[7] (...continued)
*for Judgment on the Debts, for Declaratory Judgment, and for Modification of the § 524 Discharge Injunction*, *in* Appellant's App. at 68.

[8] *Id.* at 10-11, *in* Appellant's App. at 77-78. The applicable portion of § 524 regarding the effect of a discharge and imposition of an injunction provides:

> (a) A discharge in a case under this title–
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . .

11 U.S.C. § 524(a)(2).

[9] *Id.* at 11-12, *in* Appellant's App. at 78-79.

[10] On July 19, 2010, the parties stipulated that pursuant to § 362(c)(2)(C), the automatic stay terminated upon entry of the discharge order, rendering BUKE's motion for relief from stay moot. *Stipulated Order Regarding Automatic Stay*, *in* Appellants' App. at 81.

[11] *Eastburg I*, 440 B.R. at 856.

-4-

dischargeability issues, and therefore it also has exclusive jurisdiction to determine the validity and amount of the claims BUKE brought against them in state court.[12] BUKE countered that the bankruptcy court and the state court have concurrent jurisdiction to establish the validity and amount of the claims against the Eastburgs, and thereafter, the bankruptcy court has exclusive jurisdiction to rule on the dischargeability of those claims.[13] The Eastburgs "request[ed] that the Court deny [BUKE's] request to continue proceedings in State Court, and that the Court order the parties to proceed in this Adversary Proceeding as appropriate."[14]

The bankruptcy court held a hearing on the matter on August 4, 2010. After taking the matter under advisement, the bankruptcy court issued a memorandum opinion on August 23, 2010, stating the issue before it was "at its core, [ ] whether BUKE's claims against [the Eastburgs] in the State Court Action can be litigated in that action or whether they must be litigated in this adversary proceeding."[15] The bankruptcy court noted that "[t]he parties agree that the stay terminated upon the entry of the order discharging the [Eastburgs] in their Bankruptcy Case, and that the discharge injunction does not apply to a debt when a timely objection to dischargeability of the debt is made under 11 U.S.C. § 523(a)(2), (4) or (6) unless and until the bankruptcy court determines that the debt is discharged."[16] The bankruptcy court "agree[d] that the parties' stipulation is a correct application of the law."[17] As a result, the bankruptcy court concluded

---

[12]   *Id.* at 856-57.

[13]   *Id.* at 857.

[14]   *[Debtors'] Reply to BUKE LLC's Memorandum Brief on Automatic Stay, Discharge Injunction and § 523 Actions* at 6, *in* Appellants' App. at 110.

[15]   *Eastburg I*, 440 B.R. at 856.

[16]   *Id.* at 857.

[17]   *Id.*

the validity and amount of the claims need not be litigated in the adversary proceeding, and ruled BUKE could continue its action against the Eastburgs in state court. In so ruling, the bankruptcy court further opined:

> After the debtor is granted a discharge, neither the automatic stay nor the discharge injunction nor the bankruptcy court's exclusive jurisdiction over dischargeability actions precludes a plaintiff from prosecuting a cause of action against a debtor in state court in furtherance of the collection, recovery or offset of any debt as a personal liability of the debtor provided 1) the cause of action to establish the debt under applicable non-bankruptcy law and a claim of non-dischargeability are based on the same conduct, transactions and occurrences, 2) the non-dischargeable character of the debt is at issue in an adversary proceeding, and 3) the creditor is prosecuting the cause of action in state court for the purpose of applying collateral estoppel to avoid relitigating in bankruptcy court the validity and extent of the debt in the nondischargeability adversary proceeding. Nevertheless, the bankruptcy court may still act as gatekeeper to determine whether those claims are to be litigated in state court or bankruptcy court. A debtor-defendant may timely remove the claims against the debtor to bankruptcy court pursuant to 28 U.S.C. § 1452(a) and Rule 9027, Fed. R. Bankr. P., and then move under Rule 42, Fed. R. Civ. P., to consolidate the removed action with the pending non-dischargeability action. The plaintiff may then move to remand. In addition, in appropriate circumstances the debtor may seek an injunction under 11 U.S.C § 105(a) to stay the prosecution of claims in the state court action.
>
> [The Eastburgs] did not timely seek to remove the State Court Action to this Court and have not requested the Court to stay the State Court Action. Thus, BUKE is not precluded from pursuing its claims in the State Court Action against [the Eastburgs] for fraud, breach of fiduciary duty, and RICO for the purpose of establishing facts pertinent to the non-dischargeability claims raised and preserved in this adversary proceeding.[18]

The Eastburgs timely appealed the bankruptcy court's decision, and filed two additional motions: 1) a motion to stay the order pending appeal; and 2) as suggested by the bankruptcy court in its decision, a motion to stay the state court action pursuant to § 105(a). On September 9, 2010, the bankruptcy court set both motions for hearing on October 7, 2010.[19] On September 30, 2010, the Eastburgs

---

[18]    *Id.* at 863-64 (footnotes omitted).

[19]    *Minutes of Hearing held on 9/9/10*, at *Adversary Docket* #43, *in* Appellant's App. at 6.

withdrew their motion to stay pending appeal,[20] and the bankruptcy court held a final evidentiary hearing on their motion to stay the state court action.[21]

On November 4, 2010, the bankruptcy court entered a memorandum opinion and order denying the motion to stay the state court action.[22] However, utilizing the "deprivation of a fresh start" criteria, the bankruptcy court found the Eastburgs had demonstrated a sufficient likelihood of success,[23] and after considering the balancing of harms, ruled it "can and will fashion relief to mitigate the harm to both parties without issuing an injunction. The Court can conduct a trial in the adversary proceeding, and make a decision on BUKE's non-dischargeability claims, before the trial in the State Court Action commences."[24] Further, the bankruptcy court stated "[u]pon resolution of the claims in this adversary proceeding, further prosecution of the claims against the Eastburgs in the State Court Action would be barred by the discharge injunction, or would be unnecessary as a result of a binding decision on the merits by this Court."[25] The effect of this ruling was to temper somewhat the effect of the prior ruling allowing the state court action to go forward, as the bankruptcy court promised to rule upon the dischargeability of the BUKE claims prior to the trial of the state court action. Neither party appealed the bankruptcy court's decision that it would deny the Eastburgs' motion to stay but nevertheless resolve the adversary

---

[20]  *Withdrawal of Document*, at *Adversary Docket* #51, *in* Appellant's App. at 7.

[21]  *Minutes of Hearing held on 10/7/10*, at *Adversary Docket* #57, *in* Appellant's App. at 7.

[22]  The bankruptcy court's subsequent decision is published at *BUKE, LLC v. Eastburg (In re Eastburg)*, 440 B.R. 864 (Bankr. D.N.M. 2010) (hereafter "*Eastburg II*").

[23]  *Id.* at 873-74.

[24]  *Id.* at 877.

[25]  *Id.*

-7-

proceeding in advance of the state court's trial on the matter.[26]

## II. APPELLATE JURISDICTION

This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[27] Neither party elected to have this appeal heard by the United States District Court for the District of New Mexico. The parties have therefore consented to appellate review by this Court.

A decision is considered final "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[28] A motions panel of this Court previously determined that the bankruptcy court's order is final for purposes of appellate review.[29]

## III. ISSUE ON APPEAL AND STANDARD OF REVIEW

The facts of this case are undisputed. Broadly viewed, the issue on appeal is whether, in ruling on Counts Five and Six of BUKE's Amended Complaint, the bankruptcy court erred in allowing BUKE to continue its state court action against the Eastburgs while the nondischargeability proceedings based on the same claims were pending. We see BUKE'S requested rulings regarding the discharge

---

[26] Although the subsequent order has not been appealed, it has been made a part of the record in this appeal. *See Memorandum Opinion*, *in* Appellee's App. at 1.

[27] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002; 10th Cir. BAP L.R. 8001-3.

[28] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

[29] *Order Denying Leave to Appeal As Unnecessary and Setting Briefing Schedule*, at BAP Appeal No. NM-10-060 Docket No. 12 (citing *Tidwell v. Smith (In re Smith)*, 582 F.3d 767, 776-77 (7th Cir. 2009)).

-8-

injunction as analogous to a motion to lift the automatic stay.[30]  A bankruptcy court's decision on a motion for stay relief is reviewed for abuse of discretion.[31]  Additionally, BUKE's requested rulings are conversely related to a debtor's motion to stay the state court action pursuant to § 105.  A bankruptcy court's exercise of its equitable powers under § 105(a) is also reviewed for abuse of discretion.[32]  Therefore, we review the order on appeal here under the abuse of discretion standard.  Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.[33]

## IV. ANALYSIS

According to the bankruptcy court, the issue before it was "at its core, [ ] whether BUKE's claims against [the Eastburgs] in the State Court Action can be litigated in that action or whether they must be litigated in this adversary proceeding."[34]  We agree.  The bankruptcy court concluded the claims did not have to be litigated in the adversary proceeding, and ruled BUKE could continue its proceedings against the Eastburgs in state court.  We reach the same conclusion, but as discussed below, for somewhat different reasons than the bankruptcy court, and affirm its order.

In ruling that BUKE could continue its action against the Eastburgs in state

---

[30] BUKE's requested rulings on the discharge injunction cannot technically be viewed as a motion to lift stay because, pursuant to § 362(c)(2)(C), the automatic stay is no longer in effect after a discharge is granted or denied.

[31] *Franklin Savs. Ass'n v. Office of Thrift Supervision*, 31 F.3d 1020, 1023 (10th Cir. 1994).

[32] *In re Rafter Seven Ranches L.P.*, 414 B.R. 722, 731 (10th Cir. BAP 2009).

[33] *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994).

[34] *Eastburg I*, 440 B.R. at 856.

-9-

court, the bankruptcy court stated

> Bankruptcy Code § 523(a) and (c) and (d) contemplate that a debt is not discharged if a timely complaint is filed objecting to discharge of the debt under 11 U.S.C. § 523(a)(2), (4) or (6) ***unless and until the court denies the objection***. Here, because there has been no determination of the dischargeability of the debt that BUKE seeks in this adversary proceeding to except from the discharge, the discharge injunction is not yet applicable to that debt.[35]

Although we do not necessarily agree with the bankruptcy court's conclusion in this regard, we need not reach the issue in order to resolve this appeal.

Section 523(c), regarding nondischargeability of the type of debts involved in this appeal, provides:

> (c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.[36]

The bankruptcy court interpreted this statutory provision to mean that the discharge injunction of § 524(a)(2) does not apply to a debt of the type described in § 523(a)(2), (4), and (6) while a nondischargeability adversary proceeding regarding that debt is pending. There is little authority to support the proposition.[37] Further, we believe interpreting § 523(c) to mean that the

---

[35]   *Id.* at 857-58 (emphasis added) (citations omitted).

[36]   11 U.S.C. § 523(c)(1).

[37]   In footnote three of its memorandum opinion, the bankruptcy court cited to three bankruptcy court cases, and one district court case as authority for this proposition. *Eastburg I*, 440 B.R. at 858 n.3. *See In re Redburn*, 193 B.R. 249, 261 (Bankr. W.D. Mich. 1996); *In re Mitchell*, 255 B.R. 345 (Bankr. D. Mass. 2000); *In re Gray*, 2000 WL 34239244, at *5 (W.D. Wis. Apr. 12, 2000); and *In re Massa*, 217 B.R. 412, 421 (Bankr. W.D.N.Y. 1998), *aff'd*, 187 F.2d 292 (2d Cir. 1999). However, we are not bound by the decisions of those courts, and further, having reviewed the cases, deem the statements regarding nonapplication of the § 524(a)(2) discharge injunction to debts subject to a pending dischargeability adversary to be dicta. In *Redburn* and *Mitchell*, the bankruptcy courts were asked to determine the eligibility of the debtors for Chapter 13 relief. In *Gray*, the district court was reviewing a bankruptcy court's decision granting a

(continued...)

described debts are ***"presumptively discharged" until the bankruptcy court makes a determination regarding dischargeability***, and hence the discharge injunction applies, is sounder both in theory and in practice than the bankruptcy court's interpretation.  However, because BUKE pled in the alternative for modification of the discharge injunction to permit them to proceed against the Eastburgs in state court, and because the bankruptcy court held further proceedings on the Eastburgs' motion to stay the state court action, we may affirm the bankruptcy court's order without reaching the statutory interpretation issue today.[38]

We are "free to affirm . . . on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon" by the trial

---

[37] (...continued)
relief from the automatic stay and the discharge order specifically stated that it did not apply to any pending adversary to determine dischargeability of a debt. And in *Massa*, a debtor was contesting a state court's determination that a debt was not dischargeable because the judgment creditor's claim had not been scheduled.

[38] The situation that this case presents, i.e., a discharge order has been entered but a dischargeability adversary is pending, is common.  The bankruptcy court's conclusions throw those types of debts into "debt limbo," with neither the automatic stay nor the discharge injunction functioning to protect debtors.  The danger associated with the bankruptcy court's interpretation of § 523(c), as it relates to the discharge injunction under § 524(a)(2), is that creditors could perceive it as granting them the "green light" to commence or continue litigation against debtors in state court during the pendency of a bankruptcy case without bankruptcy court approval.  The policies underlying bankruptcy generally, as well as the breadth of a bankruptcy court's jurisdiction, run contrary to such interpretation.  We need not address that concern here, because BUKE sought permission from the bankruptcy court to continue its state court action.  Our affirmance of the bankruptcy court's order should not be viewed as authority for continuation of litigation or collection activities with respect to a debt that is the subject of a pending nondischargeability adversary proceeding without bankruptcy court approval.  We realize that, as a practical matter, our concern may be overstated, since once a state court is apprised that a litigant before it is a debtor in bankruptcy, it typically seeks assurances regarding the applicability of the automatic stay and the discharge injunction.  In any event, we do not endorse the bankruptcy court's interpretation of § 523(c).

court.[39]  Further, we may affirm "even where the lower court reached its conclusions from a different or even erroneous course of reasoning."[40]  This rule is applicable only when the parties have had a "fair opportunity to develop the record and to address the ground on which we rely."[41]  Presentation of the issue in the lower court is required in order "to ensure that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence or to present whatever legal arguments they may have."[42]  Here, the issue of modification of the discharge injunction was raised in the court below.  Additionally, the parties were afforded further opportunity to present arguments regarding the best forum for litigation of BUKE's claims during the hearing on the Eastburgs' motion to stay the state court action.  Thus, we feel comfortable premising our decision in this case on the alternate basis that, even if the discharge injunction applies to the claims pending in the nondischargeability adversary, it was within the bankruptcy court's discretion to modify the injunction and permit BUKE to go forward with those claims against the Eastburgs in state court.

Although the Bankruptcy Code does not expressly provide for such relief, the majority of courts have concluded that the discharge injunction may be

---

[39]  *Griess v. Colo.*, 841 F.2d 1042, 1047 (10th Cir. 1988) (internal quotation marks omitted).

[40]  *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1017 (10th Cir. 2004) (quoting *Abuan v. Level 3 Commc'ns*, 353 F.3d 1158, 1171 n.3 (10th Cir. 2003)).  *See also Reynolds v. United States*, 643 F.2d 707, 710 (10th Cir. 1981) ("we are reminded of our well established appellate maxim that if a trial court's decision is correct upon any proper theory, we will uphold that decision") (quoting *Pound v. Ins. Co. of N. Am.*, 439 F.2d 1059, 1062 (10th Cir. 1971)).

[41]  *Ctr. for Native Ecosystems v. Cables*, 509 F.3d 1310, 1324 (10th Cir. 2007) (citation omitted).

[42]  *Id.* (quoting *Anixter v. Home-Stake Prod.*, 77 F.3d 1215, 1228 (10th Cir. 1996)).

modified.[43] Nearly all of the cases addressing the issue involve a creditor's request to proceed in state court against a debtor nominally with respect to liability, in order to collect or recover damages from a third party, such as an insurer.[44] Although not the factual situation here, the purpose of modification of the discharge injunction by the bankruptcy court is the same–to give a creditor permission to continue litigation against a debtor in state court. Once a party has filed for protection from his creditors under the Bankruptcy Code, the bankruptcy court is expected to take charge of logistics and play the role of "traffic cop" with respect to creditors' actions against a debtor.[45] We believe modification of the discharge injunction is one method the bankruptcy court may use to properly exercise this role.

We agree with the bankruptcy court that, although the bankruptcy court has exclusive jurisdiction over a determination of dischargeability under § 523(a)(2), (4), and (6), bankruptcy courts and state courts have concurrent jurisdiction to adjudicate the validity and extent of debts arising under applicable non-bankruptcy law. Whether or not the validity and extent of a debt is better litigated in the bankruptcy court or the state court is left to the bankruptcy court's discretion. Many factors may impact a bankruptcy court's decision in this regard, and as a result, such decision would necessarily be made on a case-by-case fact

---

[43] *See, e.g., Hendrix v. Page (In re Hendrix)*, 986 F.2d 195, 198 (7th Cir. 1993) ("[A]lthough the Bankruptcy Code does not expressly authorize the modification of a discharge, ... any court that issues an injunction can modify it for good cause on the motion of a person adversely affected by it."); *In re Schultz*, 251 B.R. 823, 826-27 (Bankr. E.D. Tex. 2000) ("[A] bankruptcy court's ability to modify the § 524 injunction is consistent with the Code's policy of maintaining control over the bankruptcy discharge and avoiding misinterpretation and abuse in other courts."); *but cf. In re Munoz*, 287 B.R. 546, 553 (9th Cir. BAP 2002) (the "statutory scheme constitutes a 'clear and valid' legislative command that leaves no discretion in the court to 'modify' the discharge injunction").

[44] *See, e.g., In re Walker*, 927 F.2d 1138 (10th Cir. 1991).

[45] The bankruptcy court referred to this role as that of "gatekeeper." *See Eastburg I*, 440 B.R. at 863.

specific basis. Among the relevant criteria would likely be judicial economy and efficiency (for example, at what phase of litigation is the state court action), the burden and expense to the parties (for example, the time and expense that would be involved in duplication of discovery and litigation), whether there are additional integral parties to the state court action over which the bankruptcy court does not have jurisdiction, the right to a jury trial in state court, whether the state court proceeding negatively impacts the bankruptcy estate, and whether the state court proceeding would impair a debtor's reorganization efforts. Some of these criteria were among those the bankruptcy court considered when it ruled on the Eastburgs' motion to stay the state court action.[46]

Although the bankruptcy court declined to enjoin the state court proceedings, it fashioned relief it believed would mitigate harm to both parties.[47] It determined that it would conduct a trial in the adversary proceeding and make a decision on BUKE's nondischargeability claims before the state court trial commences.[48] Further, in order to avoid duplication of discovery, the bankruptcy court consolidated discovery with the state court action.[49] Because neither party appealed the bankruptcy court's November 4, 2010, decision, we suspect they were satisfied that the bankruptcy court, after careful and deliberate consideration, had meted out a solution that was as fair to both parties as it could be under the circumstances.

Whether we would have handled this situation in a manner different than

---

[46]   *See e.g., Eastburg II*, 440 B.R. at 870-71.

[47]   *Id.* at 877.

[48]   *Id.* A scheduling order entered in the state court action on September 10, 2010, sets the trial for December 5, 2011. *See id.* at 869. The bankruptcy court set trial of the nondischargeability adversary for October 4, 2011. *See Scheduling Order*, dated November 29, 2010, at *Docket #62*.

[49]   *See Eastburg II*, 440 B.R. at 876-77.

the bankruptcy court did is not relevant. Under the abuse of discretion standard, we do not reverse a trial court's decision unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.[50] We cannot say that is the case here.

## V.   CONCLUSION

The bankruptcy court did not abuse its discretion in allowing BUKE to continue its litigation against the Eastburgs in state court. Its order is therefore AFFIRMED.

---

[50]   *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994).